

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MARY ELIZABETH OTT | Case Number: 14SL-AC33484 |
|---|---|
| Plaintiff/Petitioner:<br>TERI LOWERY | Plaintiff's/Petitioner's Attorney/Address or<br>Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS Jr. |
| **vs.** | 1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO 63108<br>(314) 932-1068 |
| Defendant/Respondent:<br>CACH LLC | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>**23-FEB-2015 09:00 AM**<br>**DIVISION 31M**<br>**ST LOUIS COUNTY COURT BUILDING**<br>**7900 CARONDELET AVE**<br>**CLAYTON, MO 63105** |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to:  CACH LLC
        Alias:

208 SO LASALLE ST
SUITE 814
CHICAGO, IL 63604

**COURT SEAL OF**

**ST. LOUIS COUNTY**

      You are summoned to appear before this Circuit Court, Associate Division on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

_____01-09-2015_____
Date

_____
Clerk

Further Information:
HS

### Officer's or Server's Affidavit of Service

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

**Subscribed and Sworn** to before me this _____ (date).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
          ☐ the judge of the court of which affiant is an officer.
          ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use
*(Seal)*        for out-of-state officer)
          ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Summons Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Mileage | $ _____ | (_____ miles @ $ ._____ per mile) |
| **Total** | $ _____ | ' |

*See the following page for directions to clerk and to officer making return on service of summons.*

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only on the conditions set out in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the motion and/or petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion and/or petition may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff/Petitioner has no attorney, Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate field in the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

| | | |
|---|---|---|
| **TERI LOWERY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. |
| | ) | |
| **CACH, LLC** | ) | |
| | ) | DIVISION |
| Serve at: | ) | |
| CT Corporation System | ) | |
| 208 So LaSalle St., Suite 814 | ) | |
| Chicago, Illinois 60604 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

<u>**PETITION FOR DAMAGES**</u>

COMES NOW, Plaintiff, Teri Lowery, ("Plaintiff") and for her Petition states as follows:

<u>**INTRODUCTION**</u>

1.       This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.       Plaintiff demands a trial by jury on all issues so triable.

<u>**JURISDICTION AND VENUE**</u>

3.       This Court has jurisdiction of the FDCPA claims under 15 USC 1692k (d). Venue is appropriate in this Court because Defendant directed its illicit conduct at Plaintiff in St. Louis County, Missouri.

## PARTIES

4.　　　Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5.　　　The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. To the best of Plaintiff's knowledge, the alleged debt arises from a consumer credit card.

6.　　　Defendant CACH, LLC ("CACH") is a foreign limited liability company with an office in Chicago, Illinois.

7.　　　John C. Bonewicz, P.C. (the "Bonewicz Firm") is a foreign professional corporation with an office in Chicago, Illinois.

8.　　　At all times relevant to this Petition, the Bonewicz Firm sought to collect the debt from Plaintiff pursuant to Defendant's instructions and with Defendant's permission.

9.　　　The principal business purpose of CACH and the Bonewicz Firm ("Defendants") is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

10.　　　CACH hired the Bonewicz Firm to collect the alleged debt; at all times relevant, the Bonewicz Firm acted with the authority, knowledge, and consent of CACH.

11.　　　Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 USC § 1692a(6).

## FACTS

12.　　　Defendant CACH's collection efforts included purchasing the alleged debt and assigning it to the Bonewicz Firm to conduct a variety of collection efforts against Plaintiff.

2

13.     The Bonewicz Firm is CACH's agent for collecting the alleged debt and, acting on behalf of CACH, discussed the alleged debt with Plaintiff on the phone as detailed herein.

14.     On May 14, 2014, the Bonewicz Firm filed a lawsuit on behalf of CACH against Plaintiff in St. Louis County Associate Circuit Court, Cause No. 14SL-AC13723 ("Collection Suit"), a true and accurate copy of which is attached hereto as **Exhibit 1**.

15.     The Collection Suit made, *inter alia*, the following allegations:

      a.     That CACH was the assignee of the original creditor, Bank of America, N.A.;

      b.     That there was an agreement between Bank of America, N.A. and Plaintiff; and

      c.     That Bank of America, N.A., and subsequently CACH, made demand for payment of the outstanding sum of $7,681.07, but the debtor has failed and refused to pay.

16.     Defendant failed to attach an affidavit from the original creditor substantiating their allegations in the Collection Suit; this is not in compliance with the requirements of CACH, LLC v. Askew, 358 S.W.3d 58, 63 (Mo. banc 2012).

17.     Defendant did not attach any contract or agreement purportedly existing between the original creditor and Plaintiff to the Collection Suit.

18.     Failing to attach the contract between the original creditor and Plaintiff is a violation of Mo. Rev. Stat. § 517.031 and constitutes an unfair collection tactic.

19.     Additionally, Defendant failed to attach any records of assignment of Plaintiff's alleged debt from the original creditor to any subsequent creditors, including CACH.

20.     Defendant sued on Plaintiff's alleged debt without any way to substantiate the balance owed or even confirm that there was indeed a debt in the first place.

21.     Defendant came to realize, after many years of suing consumers like Plaintiff, that the vast majority of debtors lacked the resources to come into court to defend Defendant's meritless and unsubstantiated debt collection lawsuits.

22.     Defendant lacked (1) valid proof of assignment from Plaintiff's original creditor and any subsequent debt purchasers to CACH, (2) valid proof that the debt was even owed, and (3) the required contract needed to obtain judgment.

23.     Nevertheless, Defendant filed the Collection Suit intending to take advantage of Plaintiff's dire economic circumstances and unsophistication.

24.     Defendant filed the Collection Suit and took the matter to the brink of trial before dismissing Plaintiff.

25.     During the entire course of the Collection Suit, Defendant had full knowledge that it lacked the evidence required in Missouri to prove (1) CACH's standing to sue Plaintiff and (2) the amount and/or validity of the debt.

26.     Defendant filed and pursued the Collection Suit while actively and falsely representing to the Court that CACH had standing and sufficient proof as to the validity and amount of the debt.

27.     But for these false representations, Defendant would not have maintained the Collection Suit against Plaintiff to the brink of trial and forced Plaintiff to incur attorneys' fees to defend against a meritless legal action.

28.     After Defendant filed the Collection Suit in May 2014, Plaintiff hired an attorney in July 2014 to represent her with respect to the alleged debt.

29.     Plaintiff's attorney entered his appearance in the Collection Suit and had several conversations with the Bonewicz Firm.  As such, Defendant knew or should have known that Plaintiff was represented by counsel.

30.     In July of 2014, Plaintiff provided her attorney's contact information to Defendant as required by 15 U.S.C. § 1692c.

31.     Under the FDCPA, once Defendant learned that Plaintiff was represented by counsel and had notice of counsel's contact information, it was required to cease all communication with Plaintiff.  15 U.S.C. § 1692c.

32.     Nevertheless, the Bonewicz Firm, acting on Defendant's behalf, not only continued its communication with Plaintiff after Plaintiff provided her attorney's name and contact information, it continued to harass her by making phone calls directly to Plaintiff about paying the debt multiple times.

33.     This tactic was meant to intimidate and confuse Plaintiff regarding her legal rights and to deceive her into paying the alleged debt immediately.

34.     Defendant's refusal to acknowledge that Plaintiff was represented by counsel and stop collection efforts is in direct conflict with the clear prescription of 15 U.S.C. § 1692c.

35.     Plaintiff never agreed to arbitrate any disputes with Defendant.

36.     Defendant's conduct has caused Plaintiff to suffer actual damages including but not limited to more than $1,000 in legal fees to defend the meritless Collection Suit in addition to anxiety and worry that Plaintiff suffered.

## COUNT I: VIOLATIONS OF THE FDCPA

37.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

38. In their attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 USC 1692 *et. seq*., including, but not limited to, the following:

      a. Utilizing false, unfair, and misleading representations in connection with the collection of a debt; 15 U.S.C. § 1692d-e;

      b. Engaging in collection communications directly with Plaintiff while knowing that Plaintiff was represented by counsel with respect to that debt; 15 U.S.C. § 1692c-f;

      c. Engaging in deceptive and harassing conduct in the collection of a debt, 15 U.S.C. § 1692d-f; and

      d. Using unfair and unconscionable practices to attempt to collect the debt. 15 U.S.C. §1692f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

A. Judgment that Defendants' conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

D. For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

RICHARD A. VOYTAS, JR. #52046
VOYTAS & COMPANY
1 North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1068